**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

LAURA LOOMER,

        *Plaintiff*,

  v.

FACEBOOK, INC.,

        *Defendant*.

Case No. 9:19-cv-80893-RS

The Honorable Rodney Smith

**DEFENDANT FACEBOOK, INC.'S NOTICE REGARDING
SCHEDULING MEDIATION**

On August 30, 2019, the Court entered its Order of Referral to Mediation [ECF No. 22] ("Mediation Order"), requiring the parties to participate in mediation by May 4, 2020, and to file a Notice of Scheduling Mediation by January 3, 2020.  On January 7, 2020, the Court entered an Order to Show Cause [ECF No. 32] ("January 7 Order"), noting that the parties had not yet filed their Notice of Scheduling Mediation, and requiring them to do so by January 17, 2020.

In compliance with the Court's Mediation Order and January 7 Order, Defendant Facebook, Inc. ("Facebook") states as follows:

    1.    Facebook's counsel and Plaintiff's counsel have conferred regarding mediation and agreed on a mediator—Pamela Perry.  However, counsel have been unable to reach consensus on a date for mediation.

    2.    On January 10, 2020, Facebook's counsel e-mailed Plaintiff's counsel and proposed the following dates for mediation: April 27, 28, 30, or May 4, 2020.  Plaintiff's counsel responded on January 13, 2020, stating that these dates were "not acceptable," although he did not represent that he or his client were unavailable on those dates.  Later that day, Plaintiff's counsel counter-proposed mediation on January 28 or 29, 2020.

3.      On January 14, 2020, Facebook's counsel informed Plaintiff's counsel by e-mail that they were unavailable on January 28 or 29, but that they and the mediator were all available during the week of April 13-17, 2020.  On January 15, 2020, Plaintiff's counsel rejected these April dates over a phone call with Facebook's counsel, although he did not state that he or his client were unavailable during those dates.  Plaintiff's counsel further stated that he would not agree to any mediation dates later than February 14, 2020—even though the Court's Mediation Order provides that the parties have until May 4, 2020 to complete mediation.

4.      In a final effort to reach a compromise, on January 16, 2020, Facebook's counsel informed Plaintiff's counsel by e-mail that both they and the mediator were available for mediation during the week of March 23-27, 2020.  Plaintiff's counsel rejected this offer as well but did not state that he or his client were unavailable on those dates.

5.      As a practical matter, mediation cannot take place before February 14, 2020. Plaintiff's counsel stated over the phone that he is not available in the first week of February; and Facebook's counsel is not available during the second week of February.  Nor is holding mediation in January a feasible alternative, as only two weeks remain in the month and the parties would need time to adequately prepare for a substantive and productive mediation.  In addition, as stated above, Facebook's counsel is unavailable on January 28-29.

6.      Further, it would make more sense to schedule mediation in April or May (before the May 4, 2020 mediation deadline set by the Court), as there are currently two fully-briefed motions pending in this case that could result in the case being transferred or disposed of entirely.[1]

---

[1] On September 16, 2019, Facebook filed a Rule 12(b)(6) motion to dismiss [ECF No. 25] as well as an alternative motion to transfer the case to the U.S. District Court for the Northern District of California [ECF No. 24].

7. If the Court grants either of these motions, such a ruling would eliminate the need for any mediation in Florida, which would save both parties significant expense—especially considering that mediation would likely require flying multiple lawyers and parties to Florida from all over the country—as well as save the mediator time and effort. *See Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 947 (11th Cir. 2017) ("Because the defendants' motion to dismiss was a matter that could, and did, resolve all the issues pending before the magistrate judge, it was not unreasonable to . . . postpone mediation pending a ruling on the viability of his claims"); *see also Blueskygreenland Envtl. Sols., LLC v. Georgas*, No. 12-81234-CIV, 2014 WL 12515259, at *2 (S.D. Fla. Feb. 25, 2014) (reserving a defendant's motion for relief from mediation pending ruling on the defendant's motion to dismiss). Likewise, if the Court denies both motions, the parties would then be able to engage in a meaningful mediation over the merits of the case, instead of arguing at mediation over how the Court might rule on the two pending motions.

Accordingly, for the reasons set forth above, Facebook respectfully requests that the Court enter an Order scheduling mediation for either the week of April 13-17, 2020 or the week of March 23-27, 2020, as the mediator has confirmed she is available during both of these periods and Plaintiff's counsel has not stated that he is unavailable.

Dated: January 16, 2020

                                           s/Brian W. Toth
                                           Brian W. Toth
                                           Florida Bar No. 57708
                                           btoth@gsgpa.com
                                           Natalia B. McGinn
                                           Florida Bar No. 1011385
                                           nmcginn@gsgpa.com
                                           GELBER SCHACHTER & GREENBERG, P.A.
                                           1221 Brickell Avenue, Suite 2010
                                           Miami, Florida 33131
                                           Phone: (305) 728-0965
                                           E-service: efilings@gsgpa.com

Laura R. Handman*
laurahandman@dwt.com
Alison Schary*
alisonschary@dwt.com
Chelsea T. Kelly*
chelseakelly@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Phone: (202) 973-4224

*Admitted pro hac vice*

*Counsel for Defendant Facebook, Inc..*