IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAURA LOOMER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>　　　　　　　Defendant. | **Civil Action No. 1:19-cv-80893-RS**<br><br>The Honorable Rodney Smith |

### PLAINTIFF'S RESPONSE TO FACEBOOK, INC.'S NOTICE REGARDING SCHEDULING MEDIATION

Plaintiff, Laura Loomer ("Plaintiff"), hereby responds to Defendant Facebook's ("Defendant") Notice Regarding Scheduling Mediation [Dkt. # 33] and respectfully submits as follows:

If this Court needs any indication as to Defendant's tactical motive in suggesting such a late date for mediation, it need only to look at Defendant's first suggestion for mediation – May 4, 2020, the last possible date allowed by the Court's Order. Once Plaintiff's counsel informed Defendant's counsel that he would be seeking Court intervention, only then did Defendant's counsel offer sooner yet still unreasonable dates for mediation. Plaintiff's counsel had confirmed with the agreed-upon mediator, Pamela Perry, that she is available at the end of January on the 25th and 28th and on February 5th, 6th, 25th and 28th. In any event, much sooner than Defendant would have this Court believe. In fact, Defendant's out-of-state, *pro hac vice* counsel had given the misleading impression to Plaintiff's counsel that the mediator was not available sooner.

Importantly, Defendant Facebook has now admitted in its pleading [Dkt. # 33] that its tactical intent is to delay mediation as long as possible, hoping that by the time the mediation

1

finally occurs, this Court will have granted its non-meritorious motions to dismiss. Plaintiff thinks it prudent, and it appears that this honorable Court does as well, to see if seeking to resolve the controversy prior to more costly litigation can save valuable resources. And Defendant has a number of legal counsel that can attend the mediation with their client, so there is no reason that mediation has to be unnecessarily delayed, even assuming that the dates which they claim unavailability are true. Waiting over two months to conduct mediation, the earliest which is as proposed by Defendant's counsel is March 23-24, 2020, is obviously neither prudent nor credible. Attached is email correspondence between counsels which underscores that lack of good faith at issue in simply setting mediation at the earliest practicable date. *See* Exhibit 1.

The agreed mediator, Pamela Perry, is being provided a copy of this pleading.

WHEREFORE, Plaintiff regrettably has to seek Court intervention for an order directing the parties to mediate their claims at the enumerated earlier dates in late January or February as set forth above, as the mediator is available and there is no just cause for delay.

**Dated**:  January 17, 2020

Respectfully Submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
Florida Bar No. 0246220
7050 W. Palmetto Park Road
Boca Raton, Florida 33433
(561) 558-5336
Email: leklayman@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the Court's ECF system to all counsel of record or parties on January 17, 2020.

/s/ *Larry Klayman*