**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

LAURA LOOMER,

            *Plaintiff*,

  v.

FACEBOOK, INC.,

            *Defendant*.

Case No. 9:19-cv-80893-RS

The Honorable Rodney Smith

**DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFF LAURA LOOMER'S MOTION TO EXTEND DISCOVERY DEADLINE**

On August 30, 2019, this Court set a deadline to complete fact discovery by February 24, 2020. Plaintiff Laura Loomer did not conduct any discovery until, on the eve of the cutoff and without the notice required by Local Rule 26.1(h), she served deposition notices for Defendant Facebook, Inc. and its CEO, Mark Zuckerberg. Ms. Loomer now asks the Court for an additional 91 days to conduct discovery. But she provides no reason she failed to conduct discovery before the cutoff, and neglects to mention that her request will affect other deadlines in this case. Ms. Loomer has not shown *any* cause to modify the scheduling order, much less good cause. And even if she had, discovery would be inappropriate while Facebook's motions—one for transfer, the other for dismissal—are pending, and no deposition of Mr. Zuckerberg would ever be warranted. The Court should deny Ms. Loomer's tardy attempt to prosecute her case.[1]

---

[1] In her Motion, Ms. Loomer also requests that the Court hold a telephonic status conference. *See* Mot. at 1. Facebook does not believe that such a conference is currently necessary, but defers to the Court's discretion as to whether one would be helpful.

### I.   FACTUAL BACKGROUND

On July 8, 2019, Ms. Loomer filed this lawsuit, asserting claims for defamation arising from Facebook's deactivation of Ms. Loomer's accounts on its platform for violating its Community Standards.  On August 30, 2019, the Court entered its Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge [ECF No. 21] ("Scheduling Order"), which set trial for October 2020 and required the parties to complete fact discovery by February 24, 2020. *See id.* at 2.  On September 16, 2019, Facebook filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [ECF No. 24] and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 25].  Those motions remain pending.

Ms. Loomer never served any discovery requests.  Nor did she notice any depositions until, on February 13, 2020, her counsel served Facebook's counsel with two deposition notices—one to Facebook under Rule 30(b)(6) and the other to Facebook CEO Mark Zuckerberg.  *See* ECF No. 37; 37-1.[2]  Both notices scheduled the depositions to take place in San Jose, California on February 24, 2020—the fact discovery cutoff date.  *See* ECF No. 37 at 1; ECF No. 37-1 at 1.  On February 18, 2020, Facebook's counsel informed Ms. Loomer's counsel that Facebook would not produce these witnesses for depositions because Ms. Loomer had failed to comply with Local Rule 26.1(h), which requires that "a party desiring to take the deposition in another State of any person upon oral examination shall give *at least fourteen (14) days' notice* in writing to every other party to the action," and states that "[f]ailure to comply with this rule obviates the need for a protective order." S.D. Fla. L.R. 26.1(h) (emphasis added).

---

[2]Ms. Loomer publicly filed these deposition notices even though the Local Rules expressly forbid doing so.  *See* S.D. Fla. L.R. 26.1(b) (stating that "notices of taking depositions" "shall not be filed until they are used in the proceeding or the court orders their filing.").

Apparently realizing she missed the deadline to depose Facebook's witnesses, Ms. Loomer now asks the Court for an additional 91 days to conduct discovery. *See* Motion to Extend Discovery Deadline [ECF No. 39] (the "Motion") at 1. She provides no explanation why she failed to conduct discovery before. Instead, she just states that "an order extending the discovery deadline for a modest period will allow for the parties to participate in mediation [scheduled for March 26, 2020] before having to expend significant resources for discovery." *Id.*

## II.   ARGUMENT

Ms. Loomer has failed to demonstrate any cause, much less good cause, for extending the fact discovery deadline, as the Federal Rules require. She was not diligent in seeking discovery, and it is well-established law that pending mediation or settlement negotiations do not constitute good cause for purposes of amending a court's scheduling order. The Court should also deny the motion because the extension of discovery that Ms. Loomer seeks would affect the deadline for dispositive motions and may also affect other pre-trial deadlines as well as the trial date itself. Finally, even if Ms. Loomer had not missed the deadline for discovery, Facebook would ask the Court for a stay of discovery pending its two motions, and would move to quash any deposition of its CEO.

### A.  Ms. Loomer Fails to Show Good Cause for Extending the Fact Discovery Deadline.

Under Federal Rule of Civil Procedure 16(b)(4), the Court may amend a case schedule only "for good cause." This standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory cmt. note). Thus, if the Court determines that the party seeking the extension was not diligent, "the good cause inquiry should end." *See id.*; *see also S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009)

3

(affirming denial of motion to amend the scheduling order where "plaintiff's failure to comply with the court's scheduling order resulted from a 'lack of diligence in pursuing her claim.'"); *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) ("[D]iligence is the key to satisfying the good cause requirement."); *Rogers v. Hartford Life & Accident Ins. Co.*, 2012 WL 2395194, at *1 (S.D. Ala. June 22, 2012) ("This rule is strictly enforced."). Accordingly, courts routinely find an absence of good cause where, as here, the moving party exhibits "carelessness, oversight, inadvertence, or a failure to act diligently upon information obtained from an opposing party." *Bermudez v. AFR Envtl. Corp.*, No. 16-61363-CIV, 2017 WL 11220350, at *4 (S.D. Fla. Apr. 13, 2017), *report and recommendation adopted*, No. 16-61363-CIV, 2017 WL 11220351 (S.D. Fla. June 22, 2017).

Ms. Loomer and her counsel were anything but diligent. For *seven months*—from the date she filed the Complaint until just eleven days before the close of fact discovery—she failed to pursue any discovery at all. She served no requests for written discovery; noticed no depositions; and subpoenaed no parties. Ms. Loomer provides no explanation for this failure to pursue discovery. The only reason that Ms. Loomer puts forth to support her request is the fact that court-ordered mediation is scheduled for March 26, 2020; and she would apparently prefer to conduct discovery after mediation, to save costs if the case settles at mediation. *See* Mot. at 1.

This does not constitute "good cause." It is well-established that "ongoing settlement discussions are insufficient to furnish good cause to modify the Court's Scheduling Order under Rule 16(b)(4)." *See Bermudez*, 2017 WL 11220350, at n. 2; *see also Jasper Wood Prod., LLC v. Jordan Scrap Metal, Inc.*, 2014 WL 3720530, at *5 (S.D. Ala. July 25, 2014) ("[D]elays attendant to settlement negotiations do not furnish good cause for modifying scheduling orders pursuant to Rule 16(b)(4)."); *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2013 WL 645741, *5 (E.D. Cal.

4

Feb. 21, 2013) ("[S]ettlement negotiations are not good cause to modify a Scheduling Order"); *Rybski v. Home Depot USA, Inc.*, 2012 WL 5416586, *2 (D. Ariz. Oct. 17, 2012) ("[D]istrict courts have concluded that settlement conferences or discussions do not constitute good cause to modify a scheduling order"); *Oliver v. M/V Barbary Coast*, 2012 WL 642342, at *1 (S.D. Ala. Feb. 28, 2012) ("[T]he pursuit of settlement—alone—is generally not good cause to justify the extension of deadlines in a Rule 16(b) scheduling order"). Likewise, courts have held that deferring discovery costs in anticipation of settlement "does not equate to good cause under Rule 16(b)." *Home Design Services, Inc. v. Trumble,* 2010 WL 1435382, at *10 (D. Colo. Apr. 9, 2010); *see also United Stars Industries, Inc. v. Plastech Engineered Products, Inc.*, 2007 WL 5462421, at *1 (W.D. Wis. Feb. 14, 2007) ("Plaintiff has not shown good cause for the late amendment, only that it preferred to engage in settlement negotiations and let the deadlines go by. Although this court encourages settlement, it expects counsel to observe the deadlines set by the court.").

Because Ms. Loomer has not pursued discovery with any diligence and an upcoming mediation does not constitute good cause for amending a scheduling order, the Court should deny the motion. *See Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) (denying motion to extend discovery deadline where plaintiff did "not present any reasons constituting good cause warranting an additional extension of time . . . [and did] not provide any explanation for the delay in propounding discovery on Defendant or for the delay in bringing the discovery matters addressed in the Motion to [the magistrate judge] for an informal conference.").

**B. Ms. Loomer's Proposed Extension Would Affect Other Deadlines in the Court's Scheduling Order.**

The Court should also deny the motion because the proposed extension would affect other deadlines in the Court's Scheduling Order. Ms. Loomer proposes extending the deadline for fact discovery until May 25, 2020. *See* Mot. at 1. But the current deadline for filing all dispositive

5

motions, including summary judgment and *Daubert* motions, is April 10, 2020—or approximately six weeks after the close of fact discovery. *See* Scheduling Order at 2. If fact discovery is extended to May 25, 2020, the parties will be unable to comply with the dispositive motion deadline. If the Court extends the dispositive motion deadline to six weeks after the discovery cutoff, dispositive motions will not be fully briefed until the end of July 2020—which could impact the rest of the case schedule as well and jeopardize the October 2020 trial date. The Court should reject Ms. Loomer's attempt to disguise her motion as seeking a "modest" extension of discovery, Mot. at 1, when in fact, it would affect the deadline for dispositive motions and could affect other pre-trial deadlines and the trial date itself. *See Backhurst v. Lee Cty. Bd. of Cty. Commissioners*, No. 2:18-CV-61-FTM-99CM, 2018 WL 6620453, at *2 (M.D. Fla. Oct. 1, 2018) (considering whether proposed schedule amendment would "affect the other deadlines" in the scheduling order).

### C. The Proposed Discovery Is Unnecessary and Harassing.

Even if Ms. Loomer could establish good cause for amending the Scheduling Order—which she cannot—the discovery she proposes is improper for at least two reasons. First, much of the discovery Ms. Loomer seeks would be subject to a motion to quash and/or motion for a protective order. For example, Ms. Loomer has neither pleaded nor established any basis to depose Mark Zuckerberg, Facebook's CEO. Such a request is a classic "apex deposition," which courts routinely reject, unless: (1) the high-ranking corporate officer "has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) . . . other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success"—neither of which is the case here. *Hickey v. North Broward Hosp. Dist.,* No. 14-CV-60542, 2014 WL 7495780, at *2 (S.D. Fla. Dec. 17, 2014); *see also Brown v. Branch Banking and Trust Co.,* No. 13-81192-CIV, 2014 WL 235455, at *2 (S.D. Fla. Jan. 22, 2014) ("Courts have generally

restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'"). If the Court grants Ms. Loomer's motion to extend discovery, Facebook will move to quash this deposition notice and to strike any irrelevant or overbroad topics from the Ms. Loomer's 30(b)(6) deposition notice.

Second, discovery is a waste of judicial resources while two dispositive motions are pending. Given the strength of the legal arguments in these motions and the fact that either would dispose of or significantly impact the entire case, Facebook will move for a stay of discovery if the Court grants Ms. Loomer's motion. Courts often grant such motions for stays of discovery, especially in defamation cases, where forcing defendants to incur unnecessary costs defending ultimately meritless suits can chill speech. *See Moldea v. New York Times Co.*, 137 F.R.D. 1, 1-2 (D.D.C. 1990) (recognizing "the significant First Amendment issues raised in this [defamation] case," and that staying discovery under Rule 26(c) was appropriate to "avoid the time and expense of responding to inquiries that will have no effect on the resolution of the forthcoming motion."); *see also Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (affirming stay of discovery pending motions to dismiss). Indeed, the Eleventh Circuit has encouraged district courts to resolve motions to dismiss before discovery begins. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery of begins.").

### III. <u>CONCLUSION</u>

For these reasons, the Court should deny Ms. Loomer's Motion to Extend Discovery Deadline.

7

Dated:  February 26, 2020

Respectfully submitted,

s/Brian W. Toth
GELBER SCHACHTER & GREENBERG, P.A.
Brian W. Toth
Florida Bar No. 57708
Natalia B. McGinn
Florida Bar No. 1011385
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Phone: (305) 728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman*
Alison Schary*
Chelsea T. Kelly*
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Phone: (202) 973-4224
laurahandman@dwt.com
alisonschary@dwt.com
chelseakelly@dwt.com

*Admitted pro hac vice

Counsel for Defendant Facebook, Inc.

.