THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80893-CIV-SMITH

LAURA LOOMER,

        Plaintiff,

v.

FACEBOOK, INC.,

        Defendant.
_____/

**PLAINTIFF LAURA LOOMER'S REPLY TO OPPOSITION TO REQUEST FOR TELEPHONIC STATUS CONFERENCE AND MOTION TO EXTEND DISCOVERY DEADLINE**

      It is clear that Defendant, Facebook, Inc., never had any intention of allowing discovery to proceed in this case without running up the time and cost to Ms. Laura Loomer. As a company worth in the trillions, it openly admits that it would have filed a bevy of motions for protective order and related pleadings to prevent the facts in this case from being developed further. For instance, early in its Opposition to Request for Telephone Status Conference and Motion to Extend Discovery Deadline it states, "Finally, even if Ms. Loomer had not missed the deadline for discovery, Facebook would ask the Court for a stay of discovery pending its two motions, and would move to quash any deposition of its CEO." ECF No. 41 at 3.

      The same theme and admission runs throughout the Opposition to Request for Telephone Status Conference and Motion to Extend Discovery Deadline. For instance, Defendant argues:

> First, much of the discovery Ms. Loomer seeks would be subject to a motion to quash and/or motion for a protective order.

> If the Court grants Ms. Loomer's motion to extend discovery, Facebook will move to quash this deposition notice and to strike any irrelevant or overbroad topics from the Ms. Loomer's 30(b)(6) deposition notice.

>Second, discovery is a waste of judicial resources while two dispositive motions are pending. Given the strength of the legal arguments in these motions and the fact that either would dispose of or significantly impact the entire case, Facebook will move for a stay of discovery if the Court grants Ms. Loomer's motion.  ECF No. 41 at 6 -7.

Indeed, it is the strategy of most mega-litigation defense firms to delay as long as possible, hoping that the Court will dismiss a plaintiff's claims.  This tactic is used in particular in courts in the Northeast, such as in New York and Washington, D.C. But it has never been the practice to allow for interminable delay in the U.S. District Court for the Southern District of Florida.

Exemplary of Defendant's desire to slow if not shut the entire case down, hoping for a "Hail Mary" that Ms. Loomer's case be dismissed, was its prior attempt to delay mediation. This speaks for itself.

In this regard, Defendant does not even want this Court to hold a status conference by telephonic means, so its lead New York City counsel can participate without the expense of coming to Florida.

The bottom line is this; it makes sense and does constitute good cause to extend the fact discovery deadline, so a good faith attempt can be made to settle this case without chewing up great time and expense by Ms. Loomer and this Court. Already, Ms. Loomer has been severely harmed by Defendant Facebook defaming her as a domestic and dangerous terrorist, which she clearly is not.

Saving vital resources, on refection to see if settlement can be had, in and of itself constitutes good cause, and even if the Court would extend the discovery deadline by only 30 days following any unsuccessful attempt to settle the case, this would make sense and protect the

rights of all parties. Ms. Loomer is amenable to settlement on reasonable terms that mitigates the damage already done to her.

    For these compelling reasons, in good faith Ms. Loomer, a plaintiff of much less than even modest means, respectfully requests, again in good faith, an extension of fact discovery for whatever period the Court may deem appropriate, as well as for a telephonic status conference at the Court's convenience.

Dated: February 26, 2020

Respectfully Submitted,

s/ Larry Klayman

Larry Klayman, Esq.
KLAYMAN LAW GROUP P.A.
7050 W. Palmetto Park Rd #15-287
Boca Raton FL 33433
Tel: (561) 558-5536
Email: leklayman@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on February 26, 2020

*/s/ Larry Klayman*
Larry Klayman, Esq.
