## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

LAURA LOOMER,

        *Plaintiff*,

v.

FACEBOOK, INC.,

        *Defendant*.

Case No. 9:19-cv-80893-RS

The Honorable Rodney Smith

**DEFENDANT FACEBOOK, INC.'S MOTION FOR CORPORATE REPRESENTATIVE TO ATTEND MEDIATION TELEPHONICALLY OR BY VIDEOCONFERENCE**

Pursuant to Local Rule 16.2(e), Defendant Facebook, Inc. ("Facebook") respectfully moves for permission for its corporate representative, Mr. Ian Chen, to participate telephonically or by videoconference in the March 26, 2020 mediation of this case. The grounds supporting this motion are set forth below:

1. On August 30, 2019, the Court entered an Order of Referral to Mediation (ECF No. 22), requiring the parties to participate in mediation by May 4, 2020. On February 24, 2020, Facebook filed a Notice of Scheduling Mediation (ECF No. 40), stating that the parties had agreed to mediate the case on March 26, 2020 before mediator Pamela Perry in Miami, Florida.

2. Local Rule 16.2(e) provides that a party need not be physically present at mediation if "excused in writing by the presiding Judge." Under this Rule, courts often grant requests for out-of-state defendants to participate telephonically in mediation. *See, e.g.*, *Tavakoli v. Doronin*, Case No. 18-cv-21592 (S.D. Fla. 2018) [ECF No. 93] (order granting motion for two defendants to appear telephonically at mediation where the individual defendant resided in London and the corporate defendant had a registered office in the British Virgin Islands).

3. While Facebook will have counsel physically present at mediation, it seeks permission for its corporate representative, Mr. Ian Chen, to participate in the mediation telephonically or by videoconference. Mr. Chen resides in the state of California, which is presently attempting to contain the COVID-19 coronavirus. California Governor Gavin Newsom declared a state of emergency on March 4 due to the virus, noting that there were at least 53 confirmed cases of the virus in the state and health officials were monitoring 9,400 residents.[1] On March 5, 2020, the Public Health Department of Facebook's neighboring Santa Clara County, which includes Cupertino, Mountain View, Palo Alto, and San Jose, issued guidance recommending that employers suspend nonessential employee travel.[2] Relatedly, many technology companies based in Northern California, including Facebook, are taking precautions to prevent the spread of the virus.[3] Likewise, officials in Miami, Florida have also been taking precautions against the coronavirus, including cancelling two of South Florida's largest annual events—the Ultra Music Festival and the Calle Ocho Festival.[4] These health-related travel concerns counsel against requiring Mr. Chen to physically attend mediation.

4. In addition, Mr. Chen's attendance at mediation via telephone or videoconference would not pose a problem for the parties or the mediator. Mr. Chen will be able to confer with Facebook's counsel, speak with the mediator, and fully participate in the mediation, as if he were present in person. Further, as mentioned, Facebook will have counsel physically present at the mediation.

---

[1] *See* https://www.foxnews.com/us/california-gov-newsom-declares-state-of-emergency-after-first-coronavirus-related-death.
[2] *See* https://www.sccgov.org/sites/phd/news/Pages/new-guidance-new-covid-19-3-5-2020.aspx.
[3] *See* https://www.theverge.com/2020/3/5/21167054/santa-clara-county-coronavirus-amazon-apple-google-facebook-microsoft.
[4] *See* https://www.nbcmiami.com/news/local/coronavirus-concerns-in-south-florida-a-guide-to-which-events-are-cancelled-which-arent/2201679/.

4839-7517-0999, v. 1

5.      Accordingly, due to the health-related travel concerns posed by the COVID-19 outbreak, in addition to the inconvenience of traveling from California to Florida when an equally effective alternate method is available, Facebook respectfully requests the Court excuse Mr. Chen's physical attendance at the mediation and allow him to participate telephonically or by videoconference in the mediation instead.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned counsel hereby certifies that prior to filing this motion, Facebook's counsel conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.  Plaintiff's counsel opposes the relief requested herein.

Dated:  March 9, 2020

Respectfully submitted,

s/Brian W. Toth
GELBER SCHACHTER & GREENBERG, P.A.
Brian W. Toth
Florida Bar No. 57708
Natalia B. McGinn
Florida Bar No. 1011385
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Phone: (305) 728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman*
Alison Schary*
Chelsea T. Kelly*
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Phone: (202) 973-4224
laurahandman@dwt.com
alisonschary@dwt.com
chelseakelly@dwt.com

*Admitted pro hac vice*

*Counsel for Defendant Facebook, Inc.*

3

4839-7517-0999, v. 1