**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

LAURA LOOMER,

        *Plaintiff*,

v.

FACEBOOK, INC.,

        *Defendant*.

Case No. 9:19-cv-80893-RS

The Honorable Rodney Smith

**DEFENDANT FACEBOOK, INC.'S MOTION FOR CORPORATE REPRESENTATIVE TO ATTEND MEDIATION TELEPHONICALLY OR BY VIDEOCONFERENCE**

Pursuant to the Court's March 10, 2020 Order (ECF No. 47), Defendant Facebook, Inc. ("Facebook") submits the following reply in further support of its motion for its corporate representative, Mr. Ian Chen, to participate telephonically or by videoconference in the March 26, 2020 mediation of this case.

Plaintiff's Opposition does not provide any basis for denying Facebook's motion.[1] It cites no law, nor does it attempt to contest the indisputable fact that the ongoing public health concerns surrounding containment and mitigation of the novel coronavirus have led Mr. Chen's home state of California along with many localities (now including Miami-Dade County[2]) to declare a state of emergency, and numerous states, local governments, agencies, schools, and companies to recommend or require that nonessential travel be suspended. This is not about an individual being "fearful of public transportation," as Plaintiff suggests, but about taking affirmative, responsible

---

[1] Plaintiff also falsely states that Facebook previously "attempted to convince this Court to cancel mediation." As the Court is aware, and the record clearly shows, Facebook did no such thing; it simply requested that mediation be set for a mutually agreeable date in March, April or May (prior to the mediation deadline in the Court's scheduling order), instead of the January or early February dates demanded by Plaintiff. *See* ECF No. 33.

[2] *See* https://www.miamiherald.com/news/local/community/miami-dade/article241110101.html.

steps to mitigate community spread within the United States. Plaintiff's assertion that Facebook should charter a private jet from California to Florida as an alternative to Mr. Chen's participation by telephone or videoconference is not reasonable, nor would it vitiate the serious public health concerns raised by requiring individuals to travel cross-country. Moreover, any requirement that Mr. Chen appear in person cannot account for the status of public health requirements at the time of the mediation two weeks from now. Simply put, there is no reason that Facebook's representative cannot participate fully in all parts of the mediation process remotely.

      Finally, Facebook notes that it is a defendant in this suit and did not select the venue. Facebook has challenged Plaintiff's selection of venue in its pending motion to transfer this case to the Northern District of California pursuant to Facebook's forum-selection clause and 28 U.S.C. § 1404, which was filed nearly six months ago. ECF No. 24. Had Plaintiff brought her suit in the proper forum, there would be no need for this motion.

Dated:  March 12, 2020              Respectfully submitted,

s/Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
Natalia B. McGinn
Florida Bar No. 1011385
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Phone: (305) 728-0965
btoth@gsgpa.com
nmcginn@gsgpa.com
E-service: efilings@gsgpa.com


DAVIS WRIGHT TREMAINE LLP
Laura R. Handman*
Alison Schary*
Chelsea T. Kelly*
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Phone: (202) 973-4224
laurahandman@dwt.com
alisonschary@dwt.com
chelseakelly@dwt.com

*Admitted pro hac vice

*Counsel for Defendant Facebook, Inc..*