**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

LAURA LOOMER,

        *Plaintiff*,

v.

FACEBOOK, INC.,

        *Defendant*.

Case No. 9:19-cv-80893-RS

The Honorable Rodney Smith

**JOINT MOTION TO MODIFY COURT'S ORDER GRANTING IN PART DEFENDANT FACEBOOK, INC.'S MOTION FOR CORPORATE REPRESENTATIVE TO ATTEND MEDIATION TELEPHONICALLY OR BY VIDEOCONFERENCE**

      Pursuant to Local Rule 16.2(e), Plaintiff Laura Loomer and Defendant Facebook, Inc. (collectively, "the parties") respectfully request that the Court modify its Order Granting in Part Defendant Facebook, Inc.'s Motion for Corporate Representative to Attend Mediation Telephonically or By Video Conference, Dkt. 49 (hereinafter, the "Order"), to allow all parties, counsel, and the mediator, Pamela Perry, to participate in the mediation via either videoconference, which may include Skype, or telephone. Ms. Perry has also requested that the parties conduct the mediation via videoconference or telephone. The grounds supporting this joint motion are set forth below:

      1.    On August 30, 2019, the Court entered an Order of Referral to Mediation (Dkt. No. 22), requiring the parties to participate in mediation by May 4, 2020. On February 24, 2020, Facebook filed a Notice of Scheduling Mediation (Dkt. No. 40), stating that the parties had agreed to mediate the case on March 26, 2020 before Ms. Perry in Miami, Florida.

      2.    On March 9, 2020, Facebook filed a Motion (Dkt. 44), requesting under Local Rule 16.2(e), that its corporate representative, Mr. Ian Chen, be permitted to participate in mediation

telephonically or via videoconference, to prevent him from traveling from California to Florida during the coronavirus public health crisis. Local Rule 16.2(e) provides that a party need not be physically present at mediation if "excused in writing by the presiding Judge." Facebook's motion represented that Facebook would have counsel physically present at the mediation. *See* Dkt. 44 at 2.

3. On March 12, 2020, the Court granted Facebook's motion in part, stating that: "Due to current and ongoing public health concerns, Defendant's corporate representative may appear at the March 26, 2020 mediation by videoconference."

4. Given the rapid escalation of the coronavirus crisis in the United States, the parties now jointly request that the Court modify its Order to allow all parties and counsel to participate in mediation remotely. The parties' mediator, Ms. Pamela Perry, has also requested that the mediation be conducted entirely remotely for her and the parties' and their counsel's safety. Her request is consistent with the formal notice sent on behalf of the Chair of the Ad Hoc Advisory Committee on Court-Annexed Mediation informing mediators to remind parties that "they may seek permission from the assigned Judge on a case-by-case basis to mediate via Skype, video and audio conference, or telephonically." Furthermore, as of today, Miami Mayor Francis Suarez has encouraged the public to shelter-in-place as a precaution amid the novel coronavirus outbreak.[1]

5. Per the mediator's recommendation, the parties also jointly request that the Court modify its order to allow the parties and counsel to participate via *either* videoconference or telephone. The purpose of this modification is so that if any of the mediation participants do not possess the technology to participate via videoconference from their homes, or if

---

[1] *See* https://wsvn.com/news/local/miami-mayor-encourages-public-to-shelter-in-place/.

4846-7049-4647, v. 1

videoconferencing tools experience technical difficulties, the mediation will still be compliant if conducted in whole or in part telephonically.

6. Accordingly, given the escalating public health concerns raised by the coronavirus, the parties jointly request that the Court modify its Order to allow all parties and counsel to participate in the upcoming March 26, 2020 mediation telephonically or via videoconference.

Dated March 20, 2020                                         Respectfully submitted,

s/Larry Klayman                                              s/Brian W. Toth
KLAYMAN LAW FIRM                                             GELBER SCHACHTER & GREENBERG
Larry Elliot Klayman                                         P.A.
7050 W. Palmetto Park Rd, #15-287                            Brian W. Toth
Boca raton, FL 33433                                         Natalie B. McGinn
Phone: (310) 595-0800                                        1221 Brickell Avenue
Email: leklayman@gmail.com                                   Suite 2010
                                                             Miami, Florida 33131
*Counsel for Plaintiff Laura Loomer*                         Phone: (305) 728-0965
                                                             Fax: (305) 728-0951
                                                             btoth@gsgpa.com
                                                             nmcginn@gsgpa.com

                                                             DAVIS WRIGHT TREMAINE LLP
                                                             Laura R. Handman*
                                                             Alison Schary*
                                                             Chelsea T. Kelly*
                                                             1919 Pennsylvania Avenue NW
                                                             Washington, DC 20006
                                                             Phone: (202) 973-4224
                                                             Fax: (202) 973-4450
                                                             laurahandman@dwt.com
                                                             alisonschary@dwt.com
                                                             chelseakelly@dwt.com

                                                             *Counsel for Defendant Facebook, Inc.*

                                                             *Admitted pro hac vice.

4846-7049-4647, v. 1